IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEOPLE'S CAPITAL AND LEASING CORP., | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-4536-BN |
| BYRD RANKIN, LLC, ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Byrd Rankin, LLC ("BR"), Hirschy and Sons Holdings, LLC ("H&S"), Thomas C. Andrews, and Kevin L. Hirschy have filed a Motion to Dismiss Plaintiff's Fraud Claim pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failing to plead fraud with particularity as required by Rule 9(b). *See* Dkt. No. 8. Plaintiff People's Capital and Leasing Corp. ("PCLC") filed a response, *see* Dkt. No. 13, and Defendants filed a reply, *see* Dkt. No. 16.

For the reasons explained below, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Fraud Claim [Dkt. No. 8] and dismisses Plaintiff's fraud claim without prejudice.

### Background

Plaintiff alleges that, before Defendants purchased Ovation Graphics, LLC, Defendants sought Plaintiff's consent to Ovation's sale from Alan Saloner to BR and H&S. *See* Dkt. No. 1 at ¶ 10. As a condition of Plaintiff's consent to the sale, Defendants BR and H&S executed a consent letter on April 29, 2013 in which BR

1

and H&S promised to "provide new equity investment in [Ovation] of not less than $1,000,000" and "additional equity investment of up to $1,000,000 in the event the same is necessary for the ongoing operations." *Id.* Plaintiff alleges that, relying on Defendants' representations in the consent letter, Plaintiff and Ovation amended the lease agreement on April 30, 2013 to reduce the amount of Ovation's lease payments, and Plaintiff approved a loan to Ovation for $227,282.23 on May 31, 2013. *See id.* at ¶ 11. Defendants Kevin Hirschy ("Hirschy") and Thomas Cass Andrews ("Andrews") are the owners of H&S and Byrd. *See id.* at ¶ 11. On January 16, 2014, Ovation's creditors placed Ovation into involuntary bankruptcy. *See id.* at ¶ 12.

Plaintiff filed a complaint against Defendant BR and Defendant H&S for breach of the consent letter and breach of the lease agreement and against all Defendants for fraud. *See id.* at ¶¶ 13-28. Plaintiff alleges that Defendants fraudulently induced Plaintiff into consenting to Ovation's sale, amending Plaintiff's lease agreement with Ovation, and providing Ovation with a loan. *See id.* at ¶¶ 24-26.

Defendants assert that Plaintiff's fraud claim fails to meet Rule 9(b)'s heightened pleading standard as it lacks the "who, what, when, where, and how" of fraud with particularity and specific facts that support an inference of fraudulent intent. *See* Dkt. No. 9.

## Legal Standards

Rule 9(b) requires that, "[i]n alleging fraud..., a party must state with particularity the circumstances constituting fraud," although "[m]alice, intent,

knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (citations and internal quotation marks omitted); *see also United States ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 384 (5th Cir. 2003) (explaining that "Rule 9(b) requires that the plaintiff allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud" (internal quotation marks and citations omitted)).

The United States Court of Appeals for the Fifth Circuit has further explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth *specific facts* supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotation marks and citations omitted; emphasis in original). "Facts that show a defendant's motive to commit the fraud may sometimes provide a

factual background adequate for an inference of fraudulent intent." *Willard*, 336 F.3d at 385.

Further, "[i]f the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Dorsey*, 540 F.3d at 339 (internal quotation marks and citations omitted). And, "even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Willard*, 336 F.3d at 385.

"A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim," and so the Court "must accept the complaint's well-pleaded factual allegations as true." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim on which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

## Analysis

Defendants assert that Plaintiff fails to adequately plead a claim for fraudulent inducement. "To state a claim for fraudulent inducement, Plaintiffs must show: 1) Defendants made a false material misrepresentation; 2) Defendants knew the representation was false when made or made it recklessly without knowledge of its truth; 3) Defendants intended to induce Plaintiffs to act upon the representation; and 4) Plaintiffs actually and justifiably relied upon the representation, and thereby suffered injury." *Simms v. Jones*, 879 F. Supp. 2d 595, 600-01 (N.D. Tex. 2012) (citing *Bohnsack v. Varco, LP*, 668 F.3d 262, 277-78 (5th Cir. 2012)). "A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made," but "the mere failure to perform a contract is not evidence of fraud." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

Plaintiff's complaint appears to refer to four alleged misrepresentations:

· Representation 1: In the consent letter, Defendants agreed to "provide new equity investment in [Ovation] of not less than $1,000,000." Dkt. No. 1 at ¶ 10.

5

- Representation 2: In the consent letter, Defendants agreed to "provide additional equity investment of up $1,000,000 in the event the same is necessary for the ongoing operations of [Ovation]." *Id.*

- Representation 3: Defendants "represented to PCLC that they were capable of fulfilling their obligations under the Consent Letter, and that they intended to make the initial required $1,000,000 equity investment into Ovation." *Id.* at ¶ 24.

- Representation 4: "Defendants further represented that they had the financial resources and intention to fund an additional $1,000,000 equity investment into Ovation, if Ovation required the funds to continue operations." *Id.*

For Representations 3 and 4, Plaintiff fails to plead facts to support any of the elements of fraud required under Rule 9(b)'s heightened pleading standard. Plaintiff has not satisfied any of the so-called "newspaper items" of "who, what, when, where, and how" or to support any inference of fraudulent intent. See *Willard*, 336 F.3d at, 384-85. In response to the motion to dismiss, Plaintiff asserts that only Representations 1 and 2 are at issue and that Defendants are only introducing further confusion by pointing to Representations 3 and 4. *See* Dkt. No. 13 at 4. But Defendants correctly note that, although the four alleged representations are similar, Representations 1 and 2 are promises to make future investments in Ovation, and Representations 3 and 4 are assurances that Defendants are currently financially capable of making future investments, and that Plaintiff's complaint does not make clear that these are separately alleged

representations intended to be a basis for its fraud claim. *See* Dkt. No. 1 at ¶ 24; Dkt. No. 16 at 2. The Court concludes that, insofar as Representations 3 and 4 may be the basis for any fraud claim, Plaintiff has failed to satisfy Rule 9(b)'s heightened pleading standard as to Representations 3 and 4.

For Representations 1 and 2 alleged from the consent letter, Plaintiff generally outlines the newspaper items to plead fraud. Plaintiff identifies Defendant Andrews on behalf of Defendant BR and Defendant Hirschy on behalf of Defendant H&S as the "who" and refers to their alleged misconduct (the "what, where, when, and how" elements): misleading Plaintiff through Defendants' misrepresentations in the consent letter.

But Plaintiff's pleading on Defendants' intent does not satisfy Rule 9(b)'s scienter requirement because Plaintiff's assertions are conclusory. Although Rule 9(b) relaxes the particularity requirements for scienter, Plaintiff still must set forth specific facts that support an inference of fraud to adequately plead scienter. *See Dorsey*, 540 F.3d at 339. Here, Plaintiff only makes conclusory statements on Defendants' intent:

(1) "On information and belief, Defendants made the initial required $1,000,000 equity contribution to Ovation on or about May 1, 2013. However, on information and belief, Defendants withdrew this $1,000,000 equity contribution without the knowledge or consent of PCLC." Dkt. No. 1 ¶ 12.

(2) "Upon information and belief, these representations [in the consent letter] were false when made, and Defendants knew that they did not intend to make the required equity investments." *Id.* at ¶ 25.

Instead of providing any factual support for its belief, Plaintiff responds that it "does not have access to the underlying facts that will prove Defendants' intent to commit fraud" and that its conclusory allegations are permissible because "Defendants' obligations were to fund a third party under Defendants' control," and Plaintiff thus has "no way of knowing whether Defendants made the initial equity contribution, or if the equity stayed in the company." Dkt. No. 13 at 6, 7. But PCLC did not allege that it is entitled to information-and-belief pleading in its complaint and has failed to plead any facts showing reasons that would allow these allegations to be made on information and belief – that is, any factual basis for such beliefs – or any factual basis to indicate their origin. *See Willard*, 336 F.3d at 385; *7-Eleven Inc. v. Puerto Rico-7 Inc.*, No. 3:08-cv-140-B, 2008 WL 4951502, at *6 (N.D. Tex. Nov. 19, 2008).

Specifically, Plaintiff has not set forth any facts to support its belief that Defendants withdrew their initial $1 million investment in Ovation, that Defendants never intended to make the initial $1 million investment or the additional $1 million investment when Defendants signed the consent letter, or where this information originated. In short, more is required than simply Plaintiff's simply pleading, on information and belief, that Defendants withdrew their initial investment without PCLC's knowledge or consent coupled with conclusory allegations of intent. *See Shandong Yinguang Chemical Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1033-34 (5th Cir. 2010) (although fraudulent intent may be inferred from the party's subsequent acts after the representation is made, failure to perform, standing alone, is no evidence of the promissor's intent not to perform

when the promise was made, and merely pleading that the alleged perpetrator of fraud transferred money away from a company, while perhaps some slight circumstantial evidence of fraud, was not, when based only on conclusory allegations, sufficient to meet Rule 9(b)'s requirements and plausibly plead fraudulent intent not to pay at the time of the alleged representations). For example, as Defendants note, Plaintiff has not alleged that Defendants did not have financial resources to invest in Ovation or that Defendants gutted Ovation or otherwise benefitted from withholding their investment in Ovation. *See* Dkt. No. 9 at 8; *cf. Potter*, 607 F.3d at 1034 ("Moving money from one company to another may be consistent with fraud, but it does not create a reasonable inference that Potter is liable for fraud. Beston could have had legitimate or illegitimate reasons for transferring money. Yinguang has alleged no details that would corroborate a fraudulent scheme, such as when or why Potter moved the money, how much money was transferred, or whether this action was inconsistent with the company's past practices." (footnote omitted)).

The Court concludes that Plaintiff's fraud claim does not meet the heightened pleading requirements of Rule 9(b) and must be dismissed without prejudice to repleading consistent with Rule 9(b)'s requirements.

## Conclusion

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Fraud Claim [Dkt. No. 8] and DISMISSES Plaintiff's fraud claim without prejudice. The Court grants Plaintiff until **June 12, 2015** in which to file an amended complaint to

amend it fraud claim and orders that, if Plaintiff fails to do so, the fraud claim will be dismissed with prejudice without further notice.

SO ORDERED.

DATED: May 22, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE